955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FOSTER ART SERVICE, INC. Pension Trust Plan; Kenneth
Enright; Janice Gutman; Eileen Sunner,
Plaintiffs-counter-defendants-Appellees,
v.
Terri V. WOLFE, Defendant-counter-claimant-Appellant.
 No. 90-56334.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1992.
Decided Feb. 19, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. "Trust principles make a deferential standard of review appropriate when a trustee exercises discretionary powers." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989). The Foster Art Pension Plan, article III, grants plan fiduciaries broad discretionary power to administer the plan and interpret its provisions, and we cannot say that the interpretation of the plan adopted by the fiduciaries was an abuse of discretion. Id.[1]
 
 
 3
 B. The fiduciaries properly applied 26 U.S.C. § 415 to limit the death benefit owed to Wolfe. See Treas.Reg. § 1.415-3 (1991); Final Regulations, Limitations on Benefits and Contributions Under Qualified Plans, 46 Fed.Reg. 1687 (1981).[2] The fiduciaries did not err in applying section 415 at the time benefits were paid, even though payment occurred after the normal retirement date. See Treas.Reg. § 1.415-3(b); 46 Fed.Reg. at 1688 & 1701.
 
 
 4
 C. The district court did not abuse its discretion in holding that the Foster Art Pension Plan was entitled to restitution of its overpayment to Wolfe under Provident Life & Acc. Ins. Co. v. Waller, 906 F.2d 985, 993-94 (4th Cir.), cert. denied, 111 S.Ct. 512 (1990). See also Restatement of the Law of Restitution § 1 (1937). Wolfe received the excessive benefits as a mid-litigation payment that she should not have dissipated prior to learning the outcome of the litigation. Id. §§ 69(1), 142(1) (change in circumstances diminishes right to receive restitution only if change would make full restitution inequitable).
 
 
 5
 D. We decline to exercise our discretion to address any of the issues raised by Wolfe for the first time on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 6
 E. We also decline to exercise our discretion to award attorneys' fees to the plaintiffs under 29 U.S.C. § 1132(g) (1988). See Williams v. Caterpillar, Inc., 944 F.2d 658, 667-68 (9th Cir.1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The fiduciaries acted under no conflict of interest that would require us to review their actions "under [a] less deferential standard." Dytrt v. Mountain State Tel. & Tel., 921 F.2d 889, 894 (9th Cir.1990)
 
 
 [2]
 Wolfe's death benefit is not exempted from section 415 by section 415(b)(2)(B) because it is not an "ancillary benefit which is not directly related to retirement income benefits...." Rather, it is a benefit with respect to a participant that is subject to the limits of section 415